UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYSHIELLE RICHELLE JACQUEZ,

Plaintiff,

v.

R. BORREGO, et al.,

Defendants.

Case No. 26-cv-00045-HSG

**ORDER OF PARTIAL SERVICE; GRANTING LEAVE TO AMEND CERTAIN CLAIMS**

Plaintiff, an inmate housed at Mule Creek State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") correctional officers R. Borrego, A. Gomez, S. Alveraez, and Anyyia. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants Salinas Valley State Prison ("SVSP") correctional officers R. Borrego, A. Gomez, S. Alveraez, and Anyyia.

The complaint makes the following factual allegations. On February 14, 2024, defendant Borrego opened Plaintiff's assigned housing to allow Plaintiff to grab her kosher religious meal. As Plaintiff was pulling the meal into her housing, defendant Borrego closed the door on Plaintiff's hand. After Plaintiff yelled, defendant Borrego opened the door long enough for Plaintiff to pull her hand out of the door. Plaintiff confronted defendant Borrego, who lied that he had not closed Plaintiff's hand in the door.

Plaintiff reported the incident to defendants Gomez and Alveraez and showed them her injuries. Defendants Gomez and Alveraez disregarded Plaintiff's injuries.

Plaintiff asked defendant Borrego for a grievance form. Defendant Borrego stated that he did not have a grievance form for Plaintiff and that if Plaintiff wrote him up, Plaintiff's life would be hell. Plaintiff asked defendants Gomez and Alveraez for a grievance form, and they denied the request, despite there being grievance forms in the office. Plaintiff then requested that defendants Borrego, Gomez, and Alveraez activate their pad alarm because she needed medical care, but they refused.

At some point, Plaintiff asked nurse Kirkland to document her injuries on a CDCR Form

United States District Court
Northern District of California

United States District Court
Northern District of California

7219. As Plaintiff was dictating to nurse Kirkland what to write on the form, defendant Alveraez showed up, interfered with Plaintiff trying to give a statement, and refused to allow Plaintiff to say anything else to nurse Kirkland. Plaintiff told defendant Alveraez that custody cannot interfere with medical. Nurse Kirkland agreed with Plaintiff's statement, which inflamed defendant Alveraez. Defendant Alveraez tried to pull nurse Kirkland by the arm and lead him away from Plaintiff. Nurse Kirkland objected. Defendant Alveraez then taunted Plaintiff with his body worn camera, violating Plaintiff's personal space in an attempt to provoke her and get a rise out of her. Defendant Alveraez then pushed the pad alarm, which was not necessary.

Defendant Anyyia arrived in response to the alarm. Defendant Anyyia spoke to Plaintiff disrespectfully, and pointed his finger in Plaintiff's face. When defendant Anyyia saw that he was having no effect on Plaintiff, he told Plaintiff that she was behaving in a hostile manner, even though Plaintiff was not using obscene or vulgar language, was not making threats, and did not have her fists clenched. Plaintiff again repeated that custody cannot interfere with medical. This statement inflamed defendant Anyyia, who had Plaintiff placed in restraints, despite Plaintiff objecting to restraints due to her hand and wrist having been smashed inside her cell door. Defendant Anyyia caused Plaintiff additional wanton infliction of pain by allowing defendant Gomez to place Plaintiff in excessively tight handcuffs instead of flex cuffs. When defendant Gomez walked Plaintiff to the program office, he intentionally kicked Plaintiff's shoe twice, stating "You're all fake," and saying that any grievance written would be thrown away.

Plaintiff seeks compensatory and punitive damages, and any other relief that the Court deems proper.

The complaint makes the following legal claims. Defendants Borrego and Gomez used excessive force in violation of the Eighth Amendment. Defendants Borrego, Gomez, Alveraez, and Anyyia were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment and retaliated against Plaintiff for her grievance activity in violation of the First Amendment.

## C.    Screening Complaint

*Eighth Amendment Excessive Force Claim*. The Eighth Amendment is violated when

3

"prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). But not every malevolent touch by a prison guard violates the Eighth Amendment. *Id.* Liberally construed, the allegation that defendant Borrego intentionally slammed Plaintiff's hand in the cell door states a cognizable Eighth Amendment claim. However, defendant Gomez twice kicking Plaintiff's shoe does not rise to the level of an Eighth Amendment violation. The Court DISMISSES the Eighth Amendment excessive force claim against defendant Gomez with prejudice because amendment would be futile.

*Medical Needs Claim.* A prison official is deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment, if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Toguchi*, 391 F.3d. at 1060. It is unclear if Plaintiff's hand injury was significant enough to constitute a serious medical need. Plaintiff has not explained what was wrong with her hand, or what medical treatment was needed, or how the lack of medical treatment exposed her to a substantial risk of serious harm. There is also no allegation that

*United States District Court*
*Northern District of California*

Defendants believed that Plaintiff's hand injury constituted a serious medical need, or that they were aware of facts from which they could have reasonably inferred that Plaintiff had a serious need for medical treatment. However, because Plaintiff may be able to remedy the deficiencies in this claim, the Court GRANTS Plaintiff leave to amend her Eighth Amendment medical needs claim. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

*First Amendment Retaliation Claim Against Defendants Borrego, Gomez, and Alveraez*. Liberally construed, the complaint's claims that defendant Borrego refused Plaintiff's request for a grievance form and told Plaintiff that he would make Plaintiff's life hell if she wrote him up; that defendants Gomez and Alveraez refused to provide Plaintiff with grievance forms despite forms being available in the office; and that defendant Gomez told Plaintiff that any grievances she wrote would be thrown away state cognizable First Amendment retaliation claims. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

*First Amendment Retaliation Claim Against Defendant Anyyia*. The complaint does not state a First Amendment retaliation claim against defendant Anyyia. Defendant Anyyia is not alleged to have expressed any awareness of Plaintiff's grievances, and there is no allegation that his actions – speaking disrespectfully to Plaintiff, interfering with Plaintiff's interactions with nurse Kirkland, accusing Plaintiff of behaving in a hostile manner, and directing defendant Gomez to place Plaintiff in handcuffs – were because of Plaintiff's grievance activity. Rather, Plaintiff characterizes defendant Anyyia as initially unreasonable, and then subsequently inflamed by Plaintiff's statement that custody could not interfere with medical. Because Plaintiff may be able to remedy the deficiencies in this claim, the Court GRANTS Plaintiff leave to amend her First

Amendment retaliation claim against defendant Anyyia.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1.      The following defendant(s) shall be served: Salinas Valley State Prison correctional officers Borrego, Gomez, and Alverez.

2.      Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide  the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.      The Court DISMISSES the Eighth Amendment claim against defendant Gomez with prejudice.

4.      The Court DISMISSES with leave to amend the Eighth Amendment medical needs claim and First Amendment retaliation claim against defendant Anyyia.  If Plaintiff wishes to

United States District Court
Northern District of California

replead these claims, she must file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 26-cv-0045 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in her amended complaint all the claims she wishes to present and all of the defendants she wishes to sue, including the claims found cognizable below and the defendants ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not include in the amended complaint claims which the Court has already dismissed with prejudice. Failure to file an amended complaint in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative complaint and this action proceeding solely against the defendant(s) ordered served above, on the claim(s) found cognizable below. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5.      As detailed above, the complaint states a cognizable Eighth Amendment excessive force claim against defendant Borrego; and a cognizable First Amendment retaliation claim against defendants Borrego, Gomez, and Alveraez.

6.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of her in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

served concurrently with motion for summary judgment).[1]

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as she prepares her opposition to any motion for summary judgment. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

7.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

---

[1] If Defendants assert that Plaintiff failed to exhaust her available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

8.    All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to her opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time she is moved to a new facility.

11.    Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that she must include the case name and case number for this case on any document she submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:    3/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

9